IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**CHARLES LAMONT MILLER,**

      **Plaintiff,**

v.                                              **Case No. 3:11-cv-00557**

**MICHAEL CLARK, Jail Administrator,
and LT. C. ALDRIGE, Chief of Security,
sued in their individual and official
capacities,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the initial screening of Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 (Docket No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and  recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the allegations contained in Plaintiff's Complaint, the undersigned **FINDS** that the Complaint presently fails to state a claim upon which relief may be granted.[1] Accordingly, the undersigned respectfully **RECOMMENDS** that the presiding District Judge dismiss the Complaint, without

---

[1] The undersigned further notes that Plaintiff was ordered on October 17, 2011 to file an Application to Proceed Without Prepayment of Fees and Costs or to pay the requisite filing fee within thirty days. (Docket No. 6).  At that time, he was placed on notice that a failure to comply with the order would result in a recommendation of dismissal. To date, he has done neither. For this additional reason, the undersigned recommends dismissal.

prejudice, and remove the action from the docket of the Court.

## I.    **Procedural History**

On August 17, 2011, Plaintiff, who was then a state prisoner incarcerated at the Western Regional Jail in Barboursville, West Virginia, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging the following:

> On 7/31/11 I arrived at the WV Western Regional Jail and I immediately advised jail medical staff that I have asthma and need an inhaler. To date, I have not been provided with an inhaler. On 8/3/11 at approx. 3:30 a.m., I had an asthma attack and I notified staff via my cell intercom to no avail.  At approx. 5:30 a.m. after I passed out from the attack I notified staff again that I need the inhaler and it was not provided to me. At approx. 6:00 a.m. I received medical attention. Defendant Clark is aware of the fact that I do not have access as needed to an asthma inhaler. I am required to sleep on the floor at the jail and eat all my meals while sitting on the floor due to overcrowding, etc., at the jail. Defendant Clark, et al., are aware of my situation and refuse to help me.

(Docket No. 1 at 4-5).  Plaintiff requested temporary and permanent injunctive relief in the form of an order compelling the Defendants to provide Plaintiff with an inhaler that he could possess "at all times while incarcerated at the jail" and monetary damages in the amount of $250,000.  (*Id.* at 5-6).

On October 13, 2011, Plaintiff notified the Court that he had been transferred to the South Central Regional Jail in Charleston, West Virginia. (Docket No. 5). According to information recently provided by the South Central Regional Jail, Plaintiff is no longer incarcerated in West Virginia, having been extradited to the State of California on November 30, 2011.

## II.    **Standard of Review**

Under the provisions of 28 U.S.C. § 1915A, a court must screen each case in which a prisoner seeks redress from a governmental entity or employee of a

governmental entity.  The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint fails to state a claim upon which relief may be granted when, accepting the plaintiff's allegations as true, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires allegations that "raise a right to relief above the speculative level." *Id.* at 555. Consequently, the complaint must include "facts sufficient to state all the elements of [the plaintiff's] claim." *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). Determining whether a complaint states a facially plausible claim for relief is a "context-specific task that requires the court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009) citing *Iqbal v. Hasty,* 490 F.3d 143, 157-158 (2nd Cir. 2007). In the context of a *pro se* complaint, such as the one filed in this civil action, the court must liberally construe the allegations. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a cause of action currently cognizable in a federal district court. *Weller v. Department of Social Services,* 901 F.2d 387, 391 (4th Cir. 1990). The Court may not rewrite the complaint to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.    <u>Applicable Legal Principles</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation or deprivation of  a right, guaranteed under the laws or Constitution of the United States, by a person acting under color of any state "law, statute, ordinance, regulation, custom, or usage." In the present case, Plaintiff complains about a delay in medical treatment and overcrowded prison conditions at the Western Regional Jail.[2]  Thus, plaintiff asserts violations of his right under the Eighth Amendment of the United States Constitution to be free of cruel and unusual punishment. The Supreme Court of the United States has held that the Eighth Amendment "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), *citing Hudson v. Palmer,* 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). However, the Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at 833, quoting *Rhodes v. Chapman,* 452 U.S. 337 at 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments." *Strickler v. Waters,* 989 F.2d 1375, 1390 (4th Cir. 1993). This prohibition "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

---

[2] The Western Regional Jail is part of the West Virginia Regional Jail and Correctional Facility Authority.  Therefore, the named defendants, as employees of the Authority, are "persons acting under state law" for the purposes of this action.

For Plaintiff to present a plausible complaint, he must state factual allegations that support the reasonable conclusion that (1) the allegedly inadequate prison conditions were "sufficiently serious," when measured by an objective standard, and (2) the responsible prison officials had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety," when measured by a subjective standard. *Id.* The Supreme Court explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Not every uncomfortable condition of confinement is actionable. "To the extent that [prison] conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes,* 452 U.S. at 347 (1981).  Only "extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim." *Hudson v. McMillian,* 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed. 156 (1992). Likewise, not every refusal or delay of medical care will generate a "constitutional liability" for prison officials. "In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier v. Beorn,* 896 F.2d 848, 851-852 (4th Cir. 1990). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the

necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Miltier*, 896 F.2d at 851-852 (internal citations omitted). Moreover, an inmate is not entitled to unqualified access to health care, and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin,* 551 F.2d 44, 47-48 (4th Cir. 1977).

Finally, in order to satisfy the objective component of an Eighth Amendment conditions-of-confinement claim, the prisoner must demonstrate either "evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Webb v. Deboo*, 423 Fed. Appx. 299, 300 (4th Cir. 2011) (unpublished), citing *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka,* 71 F.3d at 166, *citing Strickler v. Waters,* 989 F.2d 1375, 1370-80 (4th Cir. 1993). Moreover, to maintain a plausible claim for compensatory damages, the prisoner must assert and prove that a physical injury resulted from the violation. Allegations of an emotional injury without an underlying physical injury are insufficient to support an award of compensatory

damages.[3] With these principles in mind, the undersigned addresses Plaintiff's claims.

## IV.   <u>Analysis</u>

### A.   **Plaintiff's Claim for Injunctive Relief is Moot**

In view of Plaintiff's extradition to California, his prayer for injunctive relief is moot.  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the out-come."  *Powell v. McCormick,* 395 U.S. 486, 496, 89 S.Ct 1944, 23 L.Ed.2d 491 (1969).  "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided.  If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented."  *Ross v. Reed,* 719 F.2d. 689, 694 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d (1997).

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."  *Rendelman v. Rouse,* 569 F.2d 182, 186 (4th Cir. 2009).  "The reasons for finding mootness in such a context are clear.  Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a

---

[3] The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) *et seq.,* explicitly provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Lee v. Gurney,* 2010 WL 5113782  *11 (E.D.Va.), citing *Incumaa v. Ozmint,* 507 F.3d 281, 287 (4th Cir. 2007). "Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." *Incumaa v. Ozmint, supra* at 287.

Nevertheless, a plaintiff's claim should not be dismissed as moot if there is sufficient evidence to conclude that the action is "capable of repetition, yet evading review." *Lee v. Gurney,* 2010 WL 5113782  at *11 (E.D.Va.), citing *Incumaa v. Ozmint, supra* at 289; *See also Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed 310 (1911). Under this exception, a claim that would otherwise be moot may be subject to judicial review if the facts of the case lead to a reasonable expectation that the "same complaining party would be subjected to the same action again." *Lane v. Williams,* 455 U.S. 624, 634, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982), citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Federal Election Commission v. Wis. Right to Life*, 551 U.S. 449, 127 S.Ct. 2652, 168 L.Ed.2d 329 (2007) ("capable of repetition" exception requires demonstrated probability that the same controversy will recur involving the same plaintiff). The burden on the plaintiff to establish post-transfer viability of such a claim is heavy. The plaintiff must make a reasonable showing "that he will again be subject to the alleged illegality." *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996). In *Wolf v. Anderson,* 2006 WL 218205 (S.D.W.Va.), this District Court clarified that the phrase "alleged illegality" is not limited to just the particular act at issue, but "means an illegality at [the] first prison, and not a speculative illegality occurring at the prison to

which [the plaintiff] was transferred." *Id.* at *3. Likewise, mere conjecture that the plaintiff may return to the first prison and again face the alleged wrong is not sufficient to meet the mootness exception. *Id.* In *Higgason,* an inmate alleged that his claim for injunctive relief made pursuant to a § 1983 claim should not be dismissed as moot, even though he was no longer at the facility about which he complained, because his return to that facility was a "virtual certainty." *Id.* at 811. The Court rejected this contention as a basis for applying the exception, stating, "[s]uch an allegation does not amount to a 'showing' or a 'demonstration' of the likelihood of retransfer." *Id.* In this case, Plaintiff was transferred within the state jail system to the South Central Regional Jail and has now left the State of West Virginia entirely to face criminal charges in California. There is nothing to suggest that Plaintiff will ever return to the Western Regional Jail. For that reason, the undersigned respectfully **PROPOSES** that the United States District Judge **FIND** that Plaintiff's transfer to California's custody renders his claim for injunctive relief moot and the current circumstances do not support a finding that Plaintiff's claim falls within the "capable of repetition, but evading review" exception to the doctrine of mootness.

### B.    Plaintiff Fails to State a Claim for Compensatory Damages

Plaintiff asserts two grievances in this action.  First, he claims that he was denied medical care at the Western Regional Jail when officials failed to prophylactically provide him with an inhaler for his asthma. Second, he contends that he was forced to sit on the floor during meals and sleep on the floor at night due to prison overcrowding. The undersigned need not examine these allegations further to determine if they meet the objective and subjective components of an Eighth Amendment violation, because Plaintiff has not alleged sufficient facts upon which to

state a claim for the relief that he seeks.[4] In addition to injunctive relief, which is not available in light of his extradition, Plaintiff seeks compensatory damages in the amount of $250,000. However, Plaintiff does not allege any significant physical injury resulting from the challenged conditions. He asserts that on August 3, 2011, he suffered an asthma attack at 3:30 a.m. and requested medical care. He did not receive that care until 6:00 a.m. after he had "passed out" from the attack, awoke, and made a second request for medical attention. Plaintiff does not describe any physical injuries accompanying or resulting from the asthma attack, nor does he claim any additional acute episodes. He does not complain about the medical care he received nor describe any subsequent medical or physical complications. Instead, he generally complains that he "could die from not having an asthma inhaler." (Docket No. 1 at 5). Similarly, while Plaintiff protests prison overcrowding, he describes no particular injury related to that situation. In *Strickler v. Waters,* 989 F.2d 1375 (4th Cir. 1993), the Fourth Circuit confirmed that evidence of a serious or significant physical or emotional injury resulting from the challenged condition of confinement is essential to support a prisoner's Eighth Amendment claim.  That is especially true when, as here, the only remaining relief sought is compensatory damages. In the absence of allegations of a serious or significant injury arising from the challenged conditions, Plaintiff simply "has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Strickler,* 989 F.2d at 1381; *See also Webb v. Deboo*,

---

[4] Certainly, based upon Plaintiff's description of the violations, they do not appear to rise to the level of deprivations that "deny the minimal civilized measure of life's necessities."  Nor does Plaintiff allege sufficient facts to establish a *prima facie* case of deliberate indifference to his health and safety by the named Defendants. Plaintiff merely states that the defendant warden "was aware" that Plaintiff had no inhaler and that both Defendants knew Plaintiff had to sit and sleep on the floor. These allegations do not reasonably establish an objective risk of harm to Plaintiff that was excessive, or that the Defendants subjectively appreciated an excessive risk of harm and simply disregarded it.

423 Fed. Appx. 299, 300 (4th Cir. 2011) (unpublished); *Shakka v. Smith*, 71 F.3d 162 (4th Cir. 1995).  In addition, allegations of emotional injury, alone, are insufficient to maintain a claim for compensatory damages.[5] The PLRA, 42 U.S.C. § 1997e(e), expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" referenced by the Act need not be significant, but it must be more than *de minimis.  See, e.g., Flanory v. Bonn,* 603 F.3d 249, 254 (6th Cir. 2010); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir.1997); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312-13 (11th Cir.2002); *Zehner v. Trigg,* 952 F.Supp. 1318 (S.D.Ind.1997). Accordingly, to the extent that Plaintiff seeks compensatory damages for emotional distress related to the lack of an inhaler and prison overcrowding, Plaintiff has not stated an adequate factual basis upon which to proceed. Moreover, Plaintiff makes no request for nominal or punitive damages, and the Complaint does not allow the undersigned to infer such a request. Thus, the undersigned **FINDS** that Plaintiff's Complaint, as submitted, fails to state a claim for which relief may be granted.

## V.    <u>Proposal and Recommendations</u>

Based on the foregoing findings, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's Complaint (Docket No. 1) be **DISMISSED,**

---

[5] The Fourth Circuit has acknowledged in unpublished cases that the absence of an underlying physical injury is fatal to a prisoner's claim for emotional distress.  *Perkins v. Dewberry,* 139 Fed. Appx 599 (4th Cir. 2005); *Mayfield v. Fleming,* 32 Fed. Appx 116 (4th Cir. 2002).

without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915A. Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, Defendants, and the West Virginia Attorney General's Office.

**DATED**: December 9, 2011.

Cheryl A. Eifert
United States Magistrate Judge

- 12 -